THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:20-cv-00023-MR

| | |
|---|---|
| NICHOLAS B. CLARK, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| ERIK A. HOOKS, Secretary of ) | |
| North Carolina Department of ) | |
| Public Safety, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on the Respondent's Motion to Seal Documents [Doc. 15].

The Respondent moves for leave to file under seal Exhibits 1, 4, 5, 8 and 10 to the Memorandum in Support of the Motion to Dismiss Petitioner's § 2254 petition. Additionally, the Respondent seeks to include only the children's initials rather than their names in the unsealed versions of these exhibits.

The press and the public have, under both the First Amendment and the common law, a qualified right of access to judicial documents and records filed in civil and criminal proceedings. Doe v. Public Citizen, 749

F.3d 246, 265 (4th Cir. 2014). "The common-law presumptive right of access extends to all judicial documents and records, and the presumption can be rebutted only by showing that 'countervailing interests heavily outweigh the public interests in access.'" Id. at 265-66 (quoting in part Rushford v. New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988)). The First Amendment right of access "may be restricted only if closure is 'necessitated by a compelling government interest' and the denial of access is 'narrowly tailored to serve that interest.'" Id. at 266 (quoting in part In re Wash. Post Co., 807 F.2d 383, 390 (4th Cir. 1986)).

When presented with a motion to seal, the law of this Circuit requires this Court to: "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) if the sealing motion is granted, provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000).

In the present case, the public has been provided with adequate notice and an opportunity to object to the Respondent's motion. The Respondent filed the present motion on January 15, 2021, and it has been accessible to the public through the Court's electronic case filing system since that time.

2

Case 5:20-cv-00023-MR   Document 17   Filed 01/19/21   Page 2 of 3

Further, the Respondent has demonstrated that the documents at issue reference the identities of the minor victims of the Petitioner's crimes, and that the public's right of access to such information is substantially outweighed by the competing interest in protecting the details of such information. Finally, having considered less drastic alternatives to sealing the documents, the Court concludes that sealing of these documents is necessary to protect the victims' privacy interests.

**IT IS, THEREFORE, ORDERED** that the Respondent's Motion to Seal Documents [Doc. 15] is **GRANTED**, and the Respondent's Exhibits 1, 4, 5, 8 and 10 to the Memorandum in Support of the Motion to Dismiss Petitioner's § 2254 petition [Doc. 14] shall be placed under seal until further Order of the Court. Additionally, the unsealed versions of these exhibits [see Docs. 13-2, 13-5, 13-6, 13-9, 13-11]] shall be redacted such that the minor victims are referenced only by their initials.

**IT IS SO ORDERED.** Signed: January 19, 2021

Martin Reidinger
Chief United States District Judge