IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:20-cv-00023-MR

| | |
|---|---|
| NICHOLAS B. CLARK, ) | |
| ) | |
| Petitioner, ) | |
| ) | **MEMORANDUM OF** |
| vs. ) | **DECISION AND ORDER** |
| ) | |
| ERIK A. HOOKS, ) | |
| ) | |
| Respondent. ) | |
| ) | |
| _____) | |

**THIS MATTER** is before the Court on the Respondent's Motion to Dismiss on Non-Exhaustion Grounds [Doc. 12].

## I. BACKGROUND

Nicholas B. Clark (the "Petitioner") is a prisoner of the State of North Carolina. On October 30, 2017, the Petitioner pled guilty in Iredell County Superior Court to second-degree murder, child abuse with intent to inflict serious bodily injury, and child abuse inflicting physical injury. [Doc. 13-4]. On November 9, 2017, the Petitioner was sentenced to a term of 319 to 421 months' incarceration. [Doc. 1 at 1]. On November 10, 2017, the Petitioner gave notice of appeal. [Doc. 13-7].

The Petitioner direct appealed to the North Carolina Court of Appeals contending that the trial court erroneously considered "aggravating factors that relied on the same evidence necessary to prove an element of the offense" in violation of N.C. Gen. Stat. § 15A-1340.16(d). [Doc. 13-10 at 6]. In response, the State filed a motion to dismiss on grounds that the Court of Appeals lacked jurisdiction to hear the Petitioner's appeal. [Doc. 13-12 at 7-8]. On February 14, 2019, the Court of Appeals dismissed the Petitioner's appeal for lack of jurisdiction. [Doc. 13-13]. The Petitioner did not appeal the dismissal to the North Carolina Supreme Court. [Doc. 1 at 2].

On November 5, 2019, the Petitioner filed a Motion for Appropriate Relief ("MAR") in Iredell County Superior Court. [Doc. 13-14]. As grounds for relief, the Petitioner asserted: (1) that the trial court erred "in sentencing of all three convictions by having [the Petitioner] plea[d] guilty to aggravating factors that violate[d] [the Petitioner's] [Fifth] Amendment right of protection against double jeopardy"; and (2) that he received ineffective assistance of counsel. [Id. at 4].

On November 21, 2019, the superior court denied the Petitioner's MAR. [Doc. 13-15]. The Petitioner did not seek further state court review of the MAR denial.[1] [See Doc. 1 at 4].

On February 12, 2020, the Petitioner, proceeding *pro se*, filed the present Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.[2] [Id. at 13]. The § 2254 Petition asserts the following claims: (1) that the state court unfairly sentenced the Petitioner in violation of the Double Jeopardy Clause; (2) that the Petitioner received ineffective assistance of counsel because his counsel failed to advise him on the statutory aggravating factors to which the Petitioner pled guilty; (3) that the Petitioner received ineffective assistance of counsel because his counsel failed to introduce certain evidence to the trial court before the Petitioner pled guilty; and (4) that the Petitioner's counsel exhibited "inappropriate behavior" during the pendency of the Petitioner's case. [Id. at 5-13].

---

[1] Because the Petitioner left the question in his § 2254 Petition regarding MAR appeal blank, and there is no evidence of an MAR appeal in state court records, the Court concludes that the Petitioner did not seek further review of the MAR denial.

[2] An inmate's pleading is filed at the time it is delivered to prison authorities for mailing to the court clerk. Houston v. Lack, 487 U.S. 266, 270 (1988). The Petitioner stated, under the penalty of perjury, that he delivered the § 2254 Petition to prison authorities for mailing on February 12, 2020. [Doc. 1 at 13]. Accordingly, the Court finds that the § 2254 Petition was filed on February 12, 2020.

On November 16, 2020, the Court, after conducting an initial review of the § 2254 Petition pursuant to the Rules Governing Section 2254 Cases in the United States District Courts, ordered the Respondent to answer or otherwise respond to the § 2254 Petition. [Doc. 8].

On January 15, 2021, the Respondent filed a motion to dismiss on grounds that the Petitioner failed to exhaust his state court remedies for the claims raised in the § 2254 Petition. [Doc. 12].

On January 19, 2021, the Court advised the Petitioner of his right to respond to the Respondent's motion to dismiss as required by <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975). [Doc. 18]. The Petitioner filed three separate response briefs, which, given his *pro se* status, the Court will permit and consider collectively. [Docs. 19, 20, 21].

The pending motion to dismiss is now ripe for disposition.

## II. DISCUSSION

The question presented is whether the Petitioner exhausted the claims for relief contained in the § 2254 Petition in state court.

### A. Federal Standard of Review

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a state prisoner seeking federal review of his state conviction must exhaust his available state remedies before pursuing habeas relief in

federal court. 28 U.S.C. § 2254(b)(1)(A).[3] The prisoner bears the burden of proving exhaustion. See Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998).

Exhaustion has two requirements: (1) the federal claim must have been fairly presented to the state courts so as to alert those courts to the federal nature of the claim ("fair presentation"), Baldwin v. Reese, 541 U.S. 27, 29 (2004) (citations omitted), and (2) the federal claim must have been raised before every appropriate state court in order to give those courts "one full opportunity to resolve any constitutional issues" ("one full opportunity"), O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

The first exhaustion requirement, "fair presentation," requires a prisoner to show "that 'both the operative facts and the controlling legal principles [were] presented to the state court.'" Jones v. Sussex I State Prison, 591 F.3d 707, 713 (4th Cir. 2010) (quoting Baker v. Corcoran, 220 F.3d 276, 289 (4th Cir. 2000)). The second exhaustion requirement, "one full opportunity," requires that this fair presentation be made to all appropriate state courts, "including those courts . . . whose review is discretionary." O'Sullivan, 526 U.S. at 845. Accordingly, § 2254(c) provides that a state

---

[3] Section 2254(b)(1)(B) contains a limited statutory exception to the exhaustion rule. See Moore v. Stirling, 952 F.3d 174, 181 n.5 (4th Cir. 2020). Under this provision, a federal court may review an unexhausted claim where "(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B).

5

prisoner "shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). Therefore, the issue of whether the Petitioner has exhausted his available state remedies depends, in part, on the avenues of review available in North Carolina state courts for the claims raised in the § 2254 Petition. O'Sullivan, 526 U.S. at 847 ("The exhaustion doctrine . . . turns on an inquiry into what procedures are available under state law." (internal quotation marks omitted)).

B. The North Carolina Appellate Review Process

North Carolina has "a two-tiered appellate review process" for criminal cases: direct and collateral. Id. at 843 (discussing a similar process in Illinois); see State v. Miller, 243 N.C. App. 660, 665, 777 S.E.2d 337, 341 (2015) (dismissing a direct appeal while noting the continued viability of the appellant's MAR "before the trial court").

"In North Carolina, a defendant's right to appeal in a criminal proceeding is purely a creation of state statute." State v. Pimental, 153 N.C. App. 69, 72, 568 S.E.2d 867, 869 (2002) (citations omitted). A North Carolina defendant appealing from a conviction following a guilty plea must look to N.C. Gen. Stat. § 15A-1444. Section 15A-1444 only confers a right

to appeal in a narrow set of statutorily defined circumstances. See State v. Sale, 232 N.C. App. 662, 665, 754 S.E.2d 474, 477 (2014). These circumstances relate to the calculation and imposition of a sentence, the denial of a motion to suppress evidence, and the denial of a motion to withdraw a guilty plea. See State v. Carter, 167 N.C. App. 582, 584, 605 S.E.2d 676, 678 (1996) (citations omitted). Where an appellant does not have an appeal of right under the statute, § 15A-1444(e) allows the appellant "to seek appellate review by a petition for writ of certiorari." State v. Jamerson, 161 N.C. App. 527, 529, 588 S.E.2d 545, 547 (2003) (citing N.C. Gen. Stat. § 15-1444(e)).

The North Carolina Rules of Appellate Procedure, however, strictly limit the North Carolina Court of Appeals' ability to grant petitions for writ of certiorari. Id. (citing N.C. R. App. P. 21(a)(1)); see State v. Nance, 155 N.C. App. 773, 775, 574 S.E.2d 692, 693-94 (2003) (dismissing a direct appeal where the defendant had no statutory right to appeal under § 15A-1444 and the court was "without authority" to issue a writ of certiorari under Rule 21). Where an appeal "does not fall within any of the categories of appeal permitted under the statute" and the person "has not petitioned for a writ of certiorari," or cannot do so under Rule 21, the Court of Appeals "lack[s]

7

jurisdiction to consider" the direct appeal. State v. Evans, 184 N.C. App. 736, 739, 646 S.E.2d 859, 860 (2007) (citation omitted).

Even where an appellant has no statutory right to direct appeal, he may still challenge his conviction through filing an MAR in the trial court pursuant to N.C. Gen. Stat. § 15A-1411(a). See Miller, 243 N.C. App. at 665, 777 S.E.2d at 341; Hayes v. York, 311 F.3d 321, 324 (4th Cir. 2002) (describing the MAR as "a state habeas petition"). An MAR is a "post-verdict motion (or post-sentencing motion where there is no verdict) made to correct errors occurring prior to, during, and after a criminal trial" or sentencing. State v. Handy, 326 N.C. 532, 535, 391 S.E.2d 159, 160-61 (1990) (citations omitted). MARs "generally allow defendants to raise arguments that could not have been raised in an original appeal . . . ." State v. Williamson, No. COA05–290, 2006 WL 278973, at *3 (N.C. Ct. App. Feb. 7, 2006) (internal quotation marks and citation omitted). "[A] non-capital prisoner whose MAR is denied by the superior court may seek review by filing a petition for certiorari in the North Carolina Court of Appeals." Allen v. Mitchell, 276 F.3d 183, 186 (4th Cir. 2001) (citations omitted). A Court of Appeals decision on an MAR is "final and not subject to further review by appeal, certification, writ, motion, or otherwise." N.C. Gen. Stat. § 15A-1422(f).

### C. The Respondent's Motion to Dismiss

The § 2254 Petition contains four claims. The first claim—the double jeopardy claim—was first presented as a constitutional issue in the Petitioner's MAR.[4] [See Doc. 13-14 at 4]. After the Iredell County Superior Court denied the MAR, the Petitioner could have petitioned the North Carolina Court of Appeals for a writ of certiorari to review the denial, but he did not do so. See Allen, 276 F.3d at 186. Because the Petitioner failed to seek discretionary review of the MAR denial in the Court of Appeals, he did not satisfy the O'Sullivan "one full opportunity" requirement. 526 U.S. at 845. Therefore, the Petitioner's double jeopardy claim is not exhausted.

The second and third claims are both ineffective assistance of counsel claims. [Doc. 1 at 6-8]. The first of these ineffective assistance of counsel claims appeared in the Petitioner's MAR. [Doc. 13-14 at 4]. In both the § 2254 Petition and the MAR, this first ineffective assistance of counsel claim was exclusively based on counsel's failure to properly advise the Petitioner regarding the aggravating sentencing factors to which the Petitioner pled guilty. [Docs. 1 at 6, 13-4]. Though this claim appeared in the MAR, it was

---

[4] The Petitioner's direct appeal brief did not include any reference to the Double Jeopardy Clause or any other constitutional provision. [See Doc. 13-10]. Therefore, none of the Petitioner's federal claims were presented to the North Carolina Court of Appeals on direct appeal, and the Court will only consider the Petitioner's MAR for purposes of exhaustion. See Baldwin, 541 U.S. at 29.

9

Case 5:20-cv-00023-MR Document 26 Filed 10/29/21 Page 9 of 11

never appealed to the North Carolina Court of Appeals by writ of certiorari. Because the Petitioner failed to seek discretionary review, he did not give the state courts "one full opportunity" to address this claim, and it is not exhausted. O'Sullivan, 526 U.S. at 845.

The second ineffective assistance of counsel claim (the third ground for relief in the § 2254 Petition) is based on counsel's failure to introduce certain evidence to the superior court before the Petitioner pled guilty. [Doc. 1 at 8]. This claim was never presented to any state court. Therefore, this claim is also not exhausted. See Baldwin, 541 U.S. at 29.

Finally, the Petitioner's fourth claim—the "inappropriate behavior" of counsel claim—was never presented to any state court. [Doc. 1 at 10]. Therefore, the claim is not exhausted. See Baldwin, 541 U.S. at 29.

## IV. CONCLUSION

Because the Petitioner has failed to exhaust his claims in state court, the § 2254 Petition must be dismissed.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, the Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (noting that, in order to satisfy § 2253(c), a prisoner must demonstrate that reasonable jurists would find the district court's assessment of the

constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that, when relief is denied on procedural grounds, a prisoner must establish: (1) that the dispositive procedural ruling is debatable; and (2) that the petition states a debatable claim of the denial of a constitutional right).

## ORDER

**IT IS, THEREFORE, ORDERED** that:

(1) The Respondent's Motion to Dismiss on Non-Exhaustion Grounds [Doc. 12] is **GRANTED**;

(2) The § 2254 Petition [Doc. 1] is **DISMISSED WITHOUT PREJUDICE**; and

(3) The Court declines to issue a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases.

**IT IS SO ORDERED.**

Signed: October 28, 2021

Martin Reidinger
Chief United States District Judge